UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEPORT MOBILITY, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRZYSZTOF SYWULA,<br><br>　　　　　　Defendant. | Case No. 21-cv-00874-SI<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION AND EVIDENCE PRESERVATION**<br><br>Re: Dkt. No. 13 |

On March 3, 2021, the Court held a hearing on plaintiffs' motion for a temporary restraining order ("TRO"), order to show cause, expedited discovery, and evidence preservation order. During the hearing, the parties stipulated to converting the hearing on plaintiffs' motion for a TRO into a hearing for preliminary injunction. For the reasons set forth below, the Court **GRANTS** a limited preliminary injunction and evidence preservation order.

**BACKGROUND**

This matter arose in connection with defendant Krzysztof Sywula's departure from plaintiffs Teleport Mobility, Inc. and Northern Lights, L.L.C. (collectively "plaintiffs"). On February 3, 2021, plaintiffs filed a complaint against defendant alleging (1) violation of the Defend Trade Secrets Act, (2) violation of California Uniform Trade Secrets Act, (3) breach of contract, (4) violation of the Comprehensive Compute data Access and Fraud Act, (5) violation of Lanham Act, (6) conversion, (7) intentional interference with Contractual Relations, (8) breach of fiduciary duty, and (9) unfair business practices. Dkt. No. 1.

On February 10, 2021, plaintiffs filed an *ex parte* application for a TRO, order to show cause, expedited discovery, and evidence preservation order ("motion"). Dkt. No. 13. On February 23,

2021, Christopher L. Walters filed an appearance of attorney of attorney on behalf of defendant. Dkt. No. 24.  Defendant filed an opposition to plaintiffs' motion on February 25, 2021.  Dkt. No. 25.  On March 1, 2021, plaintiffs filed a reply.  Dkt. No. 27.

On March 3, 2021, the Court held a hearing on plaintiffs' motion.  During the hearing, the parties stipulated to converting the hearing on plaintiffs' request for a TRO into a hearing for preliminary injunction.  Therefore, the Court determines whether preliminary injunction is warranted.

## LEGAL STANDARD

The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction may also be appropriate if a movant raises 'serious questions going to the merits' and the 'balance of hardships ... tips sharply towards' it, as long as the second and third *Winter* factors are satisfied." *Disney Enterprises, Inc. v. VidAngel, Inc.,* 869 F.3d 848, 856 (9th Cir. 2017) (internal citations omitted).

"A district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process—provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Ture Holdings of Americas Inc. v. Continental Tire North America, Inc.*, 609 F.3d 975, 981 (9th Cir. 2010).  injunctive relief on arbitrable claims).

## DISCUSSION

The Court has the authority to issue preliminary injunction on arbitrable claims to preserve the status quo. *See Biochain Institute, Inc. v. Epigenomics AG*, 19-cv-2120-JSW, 2019 WL 2451005

at *4 (N.D. Cal. June 12, 2019) (applying standard for injunctive relief on arbitrable claims).

For the reasons stated during the March 3, 2021 hearing, the Court finds that plaintiffs have demonstrated sufficient likelihood of success on the merits, irreparable harm in the absence of preliminary relief, equities favoring relief, and that relief is in the public interest, to justify preliminary relief in order to preserve the status quo. However, as the Court explained to the parties during the hearing, the Court is concerned that plaintiffs' requested relief is too broad the status quo. Thus, the Court will tailor the scope of relief.

Accordingly, the Court ORDERS AS FOLLOWS:

1. Defendant Krzysztof Sywula and all persons acting under, or in concert with, are restrained, enjoined, and prohibited from deleting, modifying, disseminating, disclosing, or blocking Teleport Mobility/Northern Lights' access to Teleport Mobility/Northern Lights' programs, software, codes, files, and internal networks, including email accounts, DocuSign, Salesforce, Dropbox, Lucidchart, Wrike, Linode, Vultr (2), Ramnode, AWS, domains and "G Suite/Google Workspace" productivity software, "BlueKiwi (Version A)," "BlueKiwi (Version B)," "Black Lotus," "Xelerate," and "Xelerate Demo" programs.

2. Defendant Krzysztof Sywula is ordered, no later than March 12, 2021, to:

   (A) Grant Teleport Mobility/Northern Lights equal control or administrative authority of Teleport Mobility/Northern Lights' programs, files, and internal networks, including email accounts, DocuSign, Salesforce, Dropbox, Lucidchart, Wrike, Linode, Vultr (2), Ramnode, AWS, domains and "G Suite/Google Workspace" productivity software, "BlueKiwi (Version A)," "BlueKiwi (Version B)," "Black Lotus," "Xelerate," and "Xelerate Demo" programs. '

   (B) Provide Teleport Mobility/Northern Lights all logins, user IDs, passwords or other information necessary to access Teleport Mobility/Northern Lights' computers,

3

software or hardware, operating system, database, server, software, or other storage location, whether within plaintiffs' or defendant's possession, sufficient for Teleport Mobility/Northern Lights' forensic experts to identify whether defendant accessed, deleted, modified, or disseminated Teleport Mobility/Northern Lights' programs, software, codes, files, and internal networks.

(C) Identify for Teleport Mobility/Northern Lights any other persons, entities, or locations not within Defendant's possession, custody, or control, to which Defendant has transmitted, disseminated, disclosed, or stored any of Teleport Mobility's programs, files, and internal networks.

(D) File a declaration under penalty of perjury regarding defendant's access of Teleport Mobility's internal systems, programs, codes, and emails. Defendant must indicate if, on or after January 17, 2021, defendant accessed Teleport Mobility/Northern Lights' internal systems, codes, software, and emails. If defendant accessed internal systems, codes, software, and emails, defendant must indicate when defendant made access and if defendant modified, copied, or deleted any of Teleport Mobility/Northern Lights' files, information, programs, software, or codes.

3. Defense counsel, Christopher L. Walters, is ordered, no later than March 12, 2021, to report to the Court whether defendant Krzysztof Sywula authorizes defense counsel to accept service on defendant's behalf. If defendant denies authorization of service, defense counsel will provide an address for service of process.

4. Teleport Mobility and Northern Lights are ordered, no later than March 12, 2021, to provide the Court with a list of Teleport Mobility and Northern Lights' investors.

IT IS FURTHER ORDERED THAT all parties as well as any persons in active concert or participation with the parties, is hereby ORDERED to preserve all evidence in accordance with applicable federal and state rules, and to CEASE, DESIST, AND REFRAIN from deleting, destroying, removing, altering, modifying, concealing, spoliating, or secreting any documents or information relating to this lawsuit in any way, no matter where such information resides, including any documents or information stored on any computer or other media.

**IT IS SO ORDERED**.

Dated: March 7, 2021

SUSAN ILLSTON
United States District Judge