UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEPORT MOBILITY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRZYSZTOF SYWULA,<br><br>Defendant. | Case No. 21-cv-00874-SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO LIFT STAY**<br><br>Re: Dkt. No. 52 |

Before the Court is a Motion to Lift Stay, filed by plaintiffs Teleport Mobility, Inc. and Northern Lights, LLC. Dkt. No. 52. A hearing on plaintiffs' motion is scheduled for October 8, 2021. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the October 8, 2021 hearing. For the reasons stated below, the Court **DENIES** plaintiffs' motion to lift stay.

On February 3, 2021, plaintiffs filed a complaint against defendant Krzysztof Sywula alleging (1) violation of the Defend Trade Secrets Act, (2) violation of California Uniform Trade Secrets Act, (3) breach of contract, (4) violation of the Comprehensive Compute data Access and Fraud Act, (5) violation of Lanham Act, (6) conversion, (7) intentional interference with Contractual Relations, (8) breach of fiduciary duty, and (9) unfair business practices. Dkt. No. 1. On June 6, 2021, the Court granted defendant's motion to compel arbitration and stayed proceedings pending arbitration. Dkt. No. 49. On August 30, 2021, plaintiffs filed a motion to lift stay to consider whether defendant should be held in contempt. Dkt. No. 52. On September 10, 2021, defendant filed an opposition. Dkt. No. 54. On September 20, 2021, plaintiffs filed a reply.

Plaintiffs argue the Court should lift the stay on proceedings to hold defendant in civil contempt. Dkt. No. 52 at 4-5. Plaintiffs assert defendant's filing of two lawsuits on August 15,

2021 and September 9, 2021 in San Diego Superior Court and the Southern District of California violated the Court's Order Compelling Arbitration. *Id.* at 4-8. Defendant argues the filings do not violate the Court's order because defendant's filings involve different parties and claims from this case. Dkt. No. 54 at 4-9.

The Court declines to lift the stay. "[T]he power to grant a stay in pending litigation is incidental to the power inherent in every court to control the deposition of the cases on its docket." *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). Notably, the Court compelled arbitration and stayed this case before defendant could file an answer or counterclaim. Moreover, plaintiffs failed to show the arbitration process is significantly delayed. *See Vindiola v. State Farm Mutual Automobile Insurance Co.,* 17-cv-3701-BLF, 2017 WL 4029708, at *3 (N.D. Cal. Sept. 13, 2017) ("Plaintiff may move to lift the stay upon a showing that the arbitration process will be significantly delayed"); *Mitsui O.S.K. Lines, Ltd. v. Qingdao JMS-Logistics Co. Ltd.*, 10-cv-5587-WHA, 2011 WL 1362159 at *4 (N.D. Cal. Apr. 11, 2011) (same). Indeed, on September 7, 2021, JAMS appointed the Honorable Jonathan Cannon as arbitrator and plaintiffs do not argue arbitration is not proceeding since appointment of an arbitrator. Dkt. No. 54-1, Walters Decl, at ¶ 5. *See Naria v. Trover Solutions, Inc.,* 967 F.Supp.2d 1132, 1339 (N.D. Cal. Aug. 23, 2013) ("If it turns out that the arbitration is merely used by one side for delay, the other side may ask to lift the stay and this litigation shall then proceed."). Defendant has engaged in arbitration proceedings. Dkt. No. 54-1, Walters Decl, at ¶ 5 ("The Parties had several rounds of discussions and meet and confer sessions concerning the appointment of an arbitrator").

Accordingly, the Court **DENIES** plaintiffs' motion to lift stay. *See Saperstein v. Thomas P. Gohagan & Co.*, 476 F.Supp.3d 965, 968 (N.D. Cal. Aug. 4, 2020) ("If an arbitrator determines that the arbitration agreement is invalid or unenforceable, or that any aspect of Saperstein's claims should be litigated in court rather than arbitrated, Saperstein may file a motion to lift the stay.")

**IT IS SO ORDERED**.

Dated: September 30, 2021

SUSAN ILLSTON
United States District Judge

2