UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEPORT MOBILITY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRZYSZTOF SYWULA,<br><br>Defendant. | Case No. 21-cv-00874-SI<br><br>**ORDER ON DEFENDANT'S MOTION TO LIFT STAY**<br><br>Re: Dkt. Nos. 60, 61 |

Before the court are defendant's motion to lift the stay entered on June 4, 2021, Dkt. No. 60, and motion for sanctions and an order to show cause why plaintiffs should not be held in contempt of court, Dkt. No. 61. Plaintiffs oppose. Dkt. Nos. 63–64. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the April 28, 2023 hearing. For the reasons stated below, the Court **DENIES** defendant's motion to lift the stay. Accordingly, the motion for sanctions and an order to show cause is **STAYED** along with the rest of the proceedings

**BACKGROUND**

This case arises from defendant Krzysztof Simula's alleged control and misappropriation of plaintiffs' computer software and equipment.

Plaintiffs allege that on August 22, 2016, defendant signed a Consulting Agreement with Alexis DaCosta and Vince Coletti. Dkt. No. 1, Complaint, ¶¶ 21–22. According to the Consulting Agreement, defendant agreed to develop technical software and assist DaCosta and Coletti with drafting patents relating to the developed software. *See* Dkt. No. 1-1 (Ex. 1).

On November 10, 2018, defendant, DaCosta, and Coletti signed an Xelerate Partnership

Agreement ("XPA"), which created a partnership between defendant, DaCosta, and Coletti and designated defendant as the Managing Partner for Product Development of the partnership. Dkt. No. 1 ¶¶ 23–22; Dkt. No. 1-1 (Ex. 2). The XPA contained an arbitration provision. Dkt. No. 1-1 (Ex. 2) at 19.

On July 12, 2019, defendant and DaCosta formed plaintiff Teleport Mobility, Inc. Dkt. No. 1¶ 27. Plaintiff Northern Lights was formed as a subsidiary of Teleport Mobility. *Id.* ¶ 6. On November 19, 2019, defendant and DaCosta, signing on behalf of Teleport Mobility, entered into an Employee Proprietary Information and Inventions Agreement ("Employee Agreement"). Id. ¶ 8; 1-1 (Ex. 6).

On January 14, 2021, defendant sent DaCosta an email stating that defendant was "quitting Teleport" and "taking . . . [defendant's] inventions, intellectual property, diagrams, trade secrets, internet domains, software, [and] everything that [defendant] conceived before Teleport incorporated." Dkt. No. 1-1 (Ex. 7).

On February 3, 2021, plaintiffs brought the instant case (*Teleport I*) against defendant alleging (1) violation of the Defend Trade Secrets Act, (2) violation of California Uniform Trade Secrets Act, (3) breach of contract, (4) violation of the Comprehensive Compute data Access and Fraud Act, (5) violation of Lanham Act, (6) conversion, (7) intentional interference with Contractual Relations, (8) breach of fiduciary duty, and (9) unfair business practices. Dkt. No. 1. Plaintiffs accused Sywula of "a persistent, ongoing, intentional campaign to hijack Plaintiffs' business, computer networks, and intellectual property." Compl. ¶ 1.

On February 10, 2021, plaintiffs filed a motion for an evidence preservation order and a temporary restraining order, which was later converted to a motion for preliminary injunction. Dkt. No. 13; *see* Dkt. No. 30 at 1. Plaintiffs submitted two declarations from Alexis DaCosta in support of that motion, which Sywula disputed with his own declaration. Dkt. Nos. 14-2, 27-1 (DaCosta declarations), 25-1 (Sywula declaration). The Court granted plaintiffs' motion in part. Dkt. No. 30. Among other requirements, the Court ordered both parties and those in concert with them to preserve evidence. *Id.* at 5.

On June 6, 2021, the Court granted defendant's motion to compel arbitration and stayed

1    proceedings pending arbitration. Dkt. No. 49. Plaintiffs brought an arbitration case against
2    defendant, *Teleport Mobility, Inc. and Northern Lights, LLC v. Krzysztof Sywula*, JAMS Reference
3    # 1240024720 (the Arbitration). Dkt. No. 52-2.

4    In August 2021, defendant filed suit in state court in San Diego against plaintiffs and several
5    other parties, which concerned the same events at issue in this case (*Teleport II*). Dkt. No. 52-3.
6    Shortly after filing *Teleport II*, defendant filed another case in the Southern District of California
7    (*Teleport III*). Dkt. No. 52-4. *Teleport II* was later consolidated into the Arbitration. Dkt. No. 64-
8    2, Ludwig Decl. at ¶ 3. Yet another case, involving only DaCosta and Sywula, is currently pending
9    in state court. Dkt. Nos. 61 at 17, 64-1 at 15–19 (subpoena responses in that case).

10   On August 30, 2021, plaintiffs moved to lift the stay to consider whether defendant should
11   be held in contempt for filing these lawsuits. Dkt. No. 52. Defendant opposed. Dkt. No. 54. The
12   Court declined to lift the stay, noting that the parties were proceeding with arbitration. Dkt. No. 56.
13   On September 7, 2021, JAMS appointed the Honorable Jonathan Cannon as arbitrator. Dkt. No.
14   54-1, Walters Decl., at ¶ 5.

15   Defendant now moves to lift the stay and seeks sanctions against defendants for alleged
16   submission of false declarations and spoliation of evidence in violation of the court's evidence
17   preservation order. Dkt. Nos. 60, 61. Plaintiffs oppose, arguing that the sanctions motion is
18   "untimely and meritless" as well as "misplaced" because the motion should be heard by the
19   arbitrator. Dkt. Nos. 63, 64. Plaintiffs also argue that the motion to lift the stay should be denied
20   because arbitration has not been significantly delayed. Dkt. No. 63 at 8.

**DISCUSSION**

23   The Court declines to lift the stay. The power to grant a stay in pending litigation is
24   "incidental to the power inherent in every court to control the disposition of the cases on its docket
25   with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*,
26   299 U.S. 248, 254-55 (1936). This power is "[T]he court may abandon its imposed stay of litigation
27   if the circumstances that persuaded the court to impose the stay in the first place have changed
28   significantly." *Evolutionary Intel., LLC v. Livingsocial, LLC*, 2014 WL 2735185, at *2 (N.D. Cal.

United States District Court
Northern District of California

June 16, 2014) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F.Supp.2d 64, 75 (D.D.C.2002)).

When an issue before a court is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The stay may be lifted "upon a showing that the arbitration process will be significantly delayed." *Vindiola v. State Farm Mut. Auto. Ins. Co.*, 17-cv-3701-BLF, 2017 WL 4029708, at *3 (N.D. Cal. Sept. 13, 2017). The stay may also be lifted "[i]f it turns out that the arbitration is merely used by one side for delay." *Naria v. Trover Sol., Inc.*, 967 F.Supp.2d 1132, 1339 (N.D. Cal. Aug. 23, 2013).

There is no evidence that the Arbitration has been significantly delayed or that either party is in default in proceeding with the Arbitration. Dkt. No. 65 at 1 (defendant acknowledging adjudication on the merits is "proceeding in arbitration"). There was some delay due to the filing of *Teleport II* and consolidation of that case into the Arbitration. Dkt. No. 63-1, Ludwig Decl., ¶ 3. But now the Arbitrator has entered a scheduling order, the parties are engaged in discovery, and the Arbitration is set to begin on August 9, 2023. *Id.* ¶ 4.

Accordingly, the Court **DENIES** defendant's motion to lift stay. See *Saperstein v. Thomas P. Gohagan & Co.*, 476 F.Supp.3d 965, 968 (N.D. Cal. Aug. 4, 2020) ("If an arbitrator determines that the arbitration agreement is invalid or unenforceable, or that any aspect of Saperstein's claims should be litigated in court rather than arbitrated, Saperstein may file a motion to lift the stay.") Because proceedings remain stayed, the Court will not rule on defendant's motion for sanctions and for an order to show cause.

**IT IS SO ORDERED**.

Dated: April 20, 2023

_____
SUSAN ILLSTON
United States District Judge

4