UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEPORT MOBILITY, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KRZYSZTOF SYWULA,<br><br>　　　　　Defendant. | Case No. 21-cv-00874-SI<br><br>**ORDER OF REFERENCE TO MAGISTRATE JUDGE FOR DEBTOR'S EXAMINATION**<br><br>Re: Dkt. No. 120 |

Before the Court is judgment creditor's motion for turnover order. The Court is presently scheduled to hear arguments on the motion on September 19, 2025. The Court has reviewed the matter and concludes it appropriate to refer to a magistrate judge to perform a judgment debtor's examination of defendant, Krysztof Sywula.

## BACKGROUND

Plaintiffs Teleport Mobility, Inc. and Northern Lights, LLC filed a complaint against defendant Krzysztof Sywula ("Sywula") on February 3, 2021, alleging violations of federal trademark and trade secrets law alongside numerous state law causes of action. Dkt. No. 1. On June 4, 2021, the Court granted defendant's motion to compel arbitration and stayed the proceedings pending arbitration. Dkt. No. 49. On March 18, 2025, this Court confirmed an arbitration award against defendant in the amount of $1,500,000. Dkt. No. 95. The Court entered judgment on the award on March 20, 2025. Dkt. No. 96. Defendant timely appealed the Court's judgment to the Ninth Circuit. *See* Dkt. No. 97, 98; Case No. 25-2182 (9th Cir.). On July 30, 2025, this Court issued a Writ of Execution for the county of Santa Clara in the amount of $1,521,583.56. Dkt. No. 119. The judgment remains fully unsatisfied. Dkt. No. 120 at 1 ("Mot.").

Judgment creditors now return to this Court seeking an order requiring judgment debtor Sywula to turn over all shares that he holds in Intel Corporation and ByteDance Inc. Mot. at 1. Judgment creditors also request the Court issue an order to show cause, requiring judgment debtor to appear before the Court to demonstrate compliance with the order. Mot. at 6. In the alternative, judgment creditors request the Court to continue this motion to allow them to conduct post-judgment discovery into defendant's shares of ownership in Intel and ByteDance. Dkt. No. 122 at 7 ("Reply").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69 governs procedures on execution of a judgment and provides that state law generally applies. Fed. R. Civ. P. 69(a)(1); *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700-01 (9th Cir. 2010). Unless a federal statute says otherwise, when a party attempts to enforce a money judgment a federal court looks to California law. *See Textron Fin. Corp. v. Gallegos*, 2018 WL 550476 *2 (S.D. Cal. Jan. 25, 2018). In California, creditors may apply for a turnover order directing the debtor to transfer property "upon a showing of need." Cal. Civ. Proc. Code. §§ 695.010, 699.040. To seize a stock certificate, the creditor is "entitled to aid from a court of competent jurisdiction" when the property "cannot be readily reached by other legal processes." Cal. Civ. Proc. Code. § 700.130; Cal. Com. Code § 8112(e); *see Jeng-Cheng Ho v. Shih-Ming Hsieh*, 181 Cal. App. 4th 337 (2010).

Pursuant to Federal Rule of Civil Procedure 69, a judgment creditor may obtain discovery from a judgment debtor. Fed. R. Civ. P. 69(a)(2). Debtor's examinations under California law permit the judgment creditor to examine the judgment debtor to furnish aid in enforcement of a money judgment. Cal. Civ. Proc. Code. § 708.110.

**DISCUSSION**

Relying on California Code of Civil Procedure § 699.040, judgment creditors argue that this Court has authority to order judgment debtor to turn over the listed Intel and ByteDance shares if (a) a Writ of Execution has been issued, (b) the property sought by the order is the type of property levied upon, and (c) the judgment creditor makes a showing of need for the order. Mot. at 3.

1    Judgment creditors make a compelling "showing of need." They claim that only judgment debtor
2    knows the location and form of these stock share certificates, making a traditional levy highly
3    impractical. Mot. at 1, 5. If the stocks are in non-certificated or electronic form, for instance, only
4    the judgment debtor would be able to transfer these shares to the Levying Officer. *Id.*

5    In response, judgment debtor argues that judgment creditor's motion should be denied as failing to identify any tangible or intangible property currently owned by the judgment debtor. Dkt. 121 at 3 ("Opp."). Judgment debtor claims he does not presently own any Intel Corporation or ByteDance Inc. shares. *Id.* Judgment debtor claims to have sold his Intel shares "around 2002" in his declaration but provides no documentation of the related sale. Dkt. 121-1. Judgment debtor also claims he owns no shares in ByteDance Inc. but acknowledges that he owns vested shares in ByteDance "Ltd." Opp. at 1, Dkt. 121-1. Judgment creditors believe judgment debtor's statements to be untruthful and urge the Court to consider judgment debtor's past dishonest acts in deciding this enforcement action. Reply at 3.

As to his ByteDance Ltd. shares, judgment debtor first argues that restrictions on transfer specified in Section 6 of the Restricted Share Unit Award Agreement ("RSU") under which he was granted the shares from his employer prohibits turnover. Opp. at 1-2. For support, judgment debtor cites California Code of Civil Procedure sections 695.030(a) and 695.040. *Id.* at 3. Section 695.030(a) states that "[except] as otherwise provided by statute, property of the judgment debtor that is not assignable or transferable is not subject to enforcement of a money judgment." Section 695.040 states that "property that is not subject to enforcement of a money judgment may not be levied upon or in any other manner applied to the satisfaction of a money judgment." Judgment debtor provides a heavily redacted copy of the RSU with the text of Section 6. Dkt. 121-1.

> 6. Restrictions on Transfer: Except as provided in the Plan, Section 3(b) of these Terms and Conditions or Section 9 of these Terms and Conditions or under the written consent of the Committee, subject, in each case, to any applicable state-specific terms and conditions in the Appendix, the Restricted Share Units and the rights and privileges conferred hereby (including, without limitation, any Shares or any beneficial, economic or other interest of the Participant with respect to such Shares) shall not be transferred, assigned, or otherwise disposed of in any way (whether by law or otherwise). Upon any attempt to transfer, assign, or otherwise dispose of any Restricted Share Unit or any right or privilege conferred hereby in violation of this Section 6, the grant of Restricted Share Units and the rights and privileges

3

conferred hereby shall immediately become null and void.

The RSU is so heavily redacted that it includes little more than this paragraph and many pages of black boxes. *Id.* As judgment creditor notes, the exceptions to the restrictions on transfer found in Section 3(b) and Section 9 are among the redacted terms. Reply at 4. It is unclear from the excerpt provided whether the ByteDance Ltd. shares judgment debtor owns would be subject to enforcement by a money judgment.

Citing several California state court cases as support, judgment creditors also assert that this Court's jurisdiction over the parties and subject matter continues post-judgment, such that this Court may enforce the judgment it entered pursuant to Fed. R. Civ. P. 69(a) and Cal. Civ. Pro. Code §§ 128(a)(4) and 187. Mot. at 5. Judgment debtor argues that the Court lacks jurisdiction to order turnover of ByteDance Ltd. shares because ByteDance Ltd. is a Cayman Islands corporation and the stocks remain under ByteDance Ltd.'s control. Opp. at 4-5. Judgment debtor declares that he has informed his employer's legal department about this matter and that the legal department asked for more time to review the issue. Dkt. 121-1.

More is unknown than is known about judgment debtor's current stock ownership. The Court therefore finds it appropriate to refer the motion to a magistrate judge to perform a judgment debtor's examination to determine the nature and location of Sywula's stocks pursuant to Federal Rule of Civil Procedure 69 and Cal. Civ. Proc. Code § 708.110.

## CONCLUSION

Having carefully considered the matter, the Court **REFERS** this matter to a magistrate judge to perform a judgment debtor's examination of Sywula, pursuant to 28 U.S.C. § 636(b)(1)(A) and General Order No. 42. The Court **VACATES** the September 19, 2025 hearing.

**IT IS SO ORDERED**.

Dated: September 16, 2025

SUSAN ILLSTON
United States District Judge

4